# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| CHRISTIAN J. MCNIFF, | )<br>)<br>) |
| *Plaintiff,* | )<br>) Civil No. 1:18-cv-1411<br>) |
| v. | )<br>) Hon. Liam O'Grady |
| ANDREW M. SAUL, Commissioner of Social Security, | )<br>)<br>)<br>) |
| *Defendant.* | )<br>)<br>) |

## ORDER

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge John F. Anderson (Dkt. 19), Plaintiff Christian McNiff's Objections thereto (Dkt. 20), and Defendant's Opposition to Plaintiff's Objections (Dkt. 22). The Court has reviewed *de novo* those portions of the Report and Recommendation to which objection has been made. *See* 28 U.S.C. § 636(b)(1)(C). Having reviewed the record, the Court finds no error in Judge Anderson's Report and Recommendation, which the Court hereby **APPROVES AND ADOPTS IN FULL.**

Plaintiff objects that Judge Anderson erred in finding that the Administrative Law Judge ("ALJ") properly explained the connection between the medical evidence considered and the accommodation, or lack thereof, for Plaintiff's moderate limitations in concentration, persistence, and pace in the residual functional capacity as required by *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). The Court disagrees.

The ALJ determined that Plaintiff "has the residual functional capacity to . . . carry[] out simple to moderately complex tasks in 2-hour increments with 10- or 15-minute breaks in-between." AR 28. In making this finding, the ALJ recognized that Plaintiff reported having

difficulties concentrating, but explained that the objective evidence and medical findings in the record were not consistent with Plaintiff's allegations and instead indicated that Plaintiff had normal attention and concentration capacities. AR 27–32. However, giving Plaintiff the benefit of the doubt, the ALJ found that Plaintiff had a "moderate" concentration, persistence, or pace limitation, AR 27, and included the above limitation to his residual functional capacity to account for Plaintiff's subjective complaints and the evidence of some cognitive impairment, AR 31. The ALJ explained that based on the medical record, Plaintiff's subjective reports, and Dr. Weinberg's suggestions for how Plaintiff could compensate for his reported difficulties, the ALJ determined that a residual functional capacity limitation of "simple to moderately complex tasks in 2-hour increments with 10- or 15-minute breaks in-between" would sufficiently account for Plaintiff's concentration, persistence, or pace impairments. AR 32.

Thus, the ALJ appropriately provided for specific limitations in Plaintiff's residual functional capacity that would account for and accommodate his moderate impairments in concentration, persistence, or pace. *See, e.g., Neyer v. Comm'r, Soc. Sec. Admin.*, 2015 WL 5773239, at *2 (D. Md. Sept. 29, 2015) (finding that "the ALJ adequately accounted for [the plaintiff's] moderate limitation in concentration, persistence, or pace by limiting her to performing simple tasks in two-hour increments"). The limitations imposed by the ALJ were substantially supported by the opinions of the doctors in the record and, unlike in *Mascio*, the ALJ explained the basis for her conclusions. Plaintiff's objections are therefore without merit. *See, e.g., Robey v. Comm'r of Soc. Sec.*, 2016 WL 1065830, at *7 (W.D. Va. Mar. 16, 2016) (distinguishing *Mascio* because "the medical evidence supports the conclusion that, despite [the plaintiff's] moderate limitation in concentration, persistence, or pace, [the plaintiff] is capable of performing the basic mental demands of simple, unskilled work with occasional social

interaction" and the court was "not 'left to guess about how the ALJ arrived at his conclusions'").

Accordingly, upon review of the record and for good cause shown, the Court hereby **APPROVES AND ADOPTS IN FULL** Magistrate Judge Anderson's Report and Recommendation (Dkt. 19). It is therefore

**ORDERED** that Plaintiff's Motion for Summary Judgment (Dkt. 11) is **DENIED**. It is further

**ORDERED** that the Defendant's Cross Motion for Summary Judgment (Dkt. 15) is **GRANTED**. It is further

**ORDERED** that the final decision of the Commissioner be and is **AFFIRMED**.

The clerk is directed to enter judgment in favor of Defendant Andrew M. Saul[1] and against Plaintiff Christian J. McNiff pursuant to Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

July 15, 2019
Alexandria, Virginia

Liam O'Grady
United States District Judge

---

[1] When this suit was filed, Nancy A Berryhill was the Acting Commissioner of Social Security. Andrew M. Saul has since assumed the office of Commissioner of Social Security and has therefore automatically been substituted as the defendant in this action. Fed. R. Civ. P. 43(c)(2).